### PEOPLE v. MECHLOWITZ.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

JUDGMENT (§ 138*)—DEFAULT—VACATION—GROUNDS.

A default judgment for plaintiff, in an action for a penalty with the right to a body execution, should be set aside, where defendant had interposed an answer, and where on the day set for trial his attorney was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

actually engaged in the trial of another case in the same court, and where defendant filed an affidavit of merits.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 249–251, 254; Dec. Dig. § 138.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action for a penalty by the People of the State of New York against William Mechlowitz. From an order denying a motion to open defendant's default and vacate the judgment, defendant appeals. Reversed, judgment vacated, and new trial ordered on condition.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Joseph Gans, of New York City, for appellant.

Thomas Carmody, Atty. Gen. (Robert P. Beyer, of New York City, of counsel), for the People.

PER CURIAM. Defendant appeals from an order denying a motion to open his default. No affidavits opposing the motion appear in the record, and the testimony given on the part of the plaintiff at the inquest is not returned. The defendant had interposed an answer, and the case had been set down for trial upon January 13, 1913. It appears that on that day the defendant's attorney was actually engaged in the trial of a case in the Municipal Court, which trial began at 11 a. m. on January 13th, and was not concluded till January 14th at 1 p. m. The defendant has filed an affidavit of merits, and the action is for a penalty, which carries with the judgment a right to a body execution. We think the default should be opened, and the judgment vacated, and a new trial ordered, upon payment of $10 costs.

Order reversed, and judgment vacated, and new trial ordered, upon condition that defendant pays $10 costs within five days after service of a copy of the order entered herewith, with notice of entry.